IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
October 17, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

| | | |
|---|---|---|
| Thomas Richards, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:24-cv-00039 |
| | ) | |
| X Corp., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Plaintiff Thomas Richards's first motion for leave to file an amended complaint. (Dkt. 22.) Defendant X Corp. opposes the motion. (*See* Dkt. 24 [hereinafter "Def.'s Resp."].) The motion has been fully briefed by the parties and is ripe for resolution. Because Richards did not attach a proposed amended complaint to his motion for leave to amend, the court will deny his motion. Richards may refile his motion, with a proposed amended complaint attached, on or before the deadline for amending pleadings set by the court's Rule 16(b) scheduling order.

## I.    Background

Richards initiated this action on June 5, 2024. (*See* Compl. (Dkt. 1).) He alleges that X Corp. has unlawfully censored his account on X (formerly known as Twitter), which he uses to "expose[] worldwide corruption and conspiracy, particularly the epidemic of child rape in the Catholic institution." (*Id.* ¶ 3.) Richards's seven-count complaint alleges violations of Title

II of the Civil Rights Act of 1964, the First Amendment, the Virginia Human Rights Act, Virginia's business conspiracy statute, and the Virginia Consumer Protection Act, as well as claims for defamation by implication and breach of contract.  (*Id.* ¶¶ 69–155.)  He seeks a declaratory judgment that X Corp.'s censorship is unlawful, preliminary and permanent injunctive relief, and compensatory and punitive damages.  (*Id.* at 60–61.)

On July 1, 2024, X Corp. moved to dismiss the complaint for lack of personal jurisdiction and failure to state a claim and, alternatively, moved to transfer the case to the United States District Court for the Northern District of California based on a forum selection clause in X's Terms of Service.  (Dkts. 6, 7.)  The motion to dismiss was fully briefed as of July 29, 2024, and is pending before the court.  (*See* Dkt. 19.)

Richards moved for leave to amend his complaint on September 24, 2024.  (Dkt. 22.) He did not attach a proposed amended complaint to his motion, but his reply brief in support of his motion explains that the amended complaint "will include corrections" to address X Corp.'s challenges to the original complaint.  (Dkt. 25 at 2–3.)  Richards states that the amended complaint will contain additional allegations to establish the court's personal jurisdiction over X Corp. and show that Richards did not agree to X's Terms of Service (which contained the forum selection clause and a disclaimer/limitation-of-liability clause that X Corp. invokes in its motion to dismiss).  (*Id.* at 2–4.)  He provides a short summary of the allegations he plans to add to address both issues.  (*Id.*)  X Corp. opposes the motion and argues that amendment would be futile because Richards's theories of liability are fundamentally deficient.  (Def.'s Resp. at 1.)

## II.    Analysis

Where, as here, the deadline for amending a complaint as a matter of course has passed and the defendant opposes amendment, a plaintiff may amend their pleading only with "the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* It should deny leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis omitted) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile when "the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted).

The court will deny Richards's motion for leave to amend as futile because Richards has not submitted a proposed amended complaint along with the motion. Other judges in this district have taken the same approach in this scenario, explaining that the lack of a proposed amended complaint prevents the court from "fully evaluat[ing] the viability of [the plaintiff's] new claims." *Roman v. Spilman Thomas & Battle, PLLC*, No. 7:23-cv-00749, 2024 WL 2330041, at *5 (W.D. Va. May 22, 2024); *see also Dotson v. Warden of KMCC*, No. 7:13-cv-00529, 2014 WL 5810460, at *4 (W.D. Va. Nov. 7, 2014) ("I cannot determine the futility of an amendment without seeing it."). While Richards's briefing provides a summary of the new factual allegations he plans to include in his amended complaint, that summary does not allow the court to fully evaluate whether his claims, as amended, survive dismissal under Rule 12(b)(2) and Rule 12(b)(6).

### III.    Conclusion

Accordingly, it is hereby **ORDERED** that Richards's motion for leave to file an amended complaint (Dkt. 22) is **DENIED**.  Richards may refile his motion for leave to amend, with a proposed amended complaint attached, on or before November 25, 2024, the deadline for filing motions to amend pleadings set by the court's Rule 16(b) scheduling order. (*See* Dkt. 26.)

The clerk is directed to forward a copy of this Memorandum Opinion and Order to the parties.

**ENTERED** this  17th  day of October, 2024.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE